Argued and submitted May 8, 2019, affirmed May 6, petition for review denied October 22, 2020 (367 Or 218)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

CAMERON CHARLES RHAMY,
*Defendant-Appellant.*

Linn County Circuit Court
16CR52019; A165944

467 P3d 64

Pursuant to a conditional no-contest plea, defendant was convicted of attempted first-degree sodomy. Before trial, defendant moved *in limine* to exclude as unreliable the five-year-old victim's out-of-court statements about the abuse and in-court testimony. The trial court denied the motion, concluding that the determination of reliability was committed to the trier of fact at trial under *State v. Bumgarner*, 219 Or App 617, 184 P3d 1143, *rev den*, 345 Or 175 (2008), *cert den*, 555 US 1101, *adh'd to as modified on recons*, 229 Or App 92, 209 P3d 857 (2009). On appeal, defendant assigns error to the denial of his motion to exclude the victim's statements and testimony, arguing that *Bumgarner* is distinguishable or has been displaced by later Supreme Court precedent. *Held*: The trial court did not err in denying defendant's motion to exclude as unreliable the victim's statements and testimony; *Bumgarner* was controlling authority on that issue, and its holding had not been called into doubt by later decisions.

Affirmed.

DeAnn L. Novotny, Judge.

Kali Montague, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Jennifer S. Lloyd, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Lagesen, Presiding Judge, and James, Judge, and Landau, Senior Judge.

LAGESEN, P. J.

Affirmed.

LAGESEN, P. J.

Defendant appeals a judgment of conviction, pursuant to a conditional no-contest plea, for one count of attempted first-degree sodomy. He assigns error to the trial court's denial of his motion *in limine* to exclude as unreliable the five-year-old victim's (1) out-of-court statements about the abuse and (2) in-court testimony. The court denied the motion on the ground that, under *State v. Bumgarner*, 219 Or App 617, 184 P3d 1143, *rev den*, 345 Or 175 (2008), *cert den*, 555 US 1101, *adh'd to as modified on recons*, 229 Or App 92, 209 P3d 857 (2009), the determination of the reliability of the child victim's statements and testimony was committed to the trier of fact at trial. On appeal, defendant contends that the court was wrong to rely on *Bumgarner* and, in any event, that the Supreme Court's decision in *State v. Lawson/James*, 352 Or 724, 291 P3d 673 (2012), undermines *Bumgarner* to a degree that we must overturn it. We disagree and affirm.

According to the facts adduced at defendant's plea hearing, which are few, defendant's conviction arose out of his conduct with his five-year-old "niece by marriage." Defendant's stepsister found defendant and the victim on a bed in an upstairs bedroom. The victim later disclosed to her mother that defendant touched her vagina with his mouth and then, in a medical exam at ABC House, disclosed that defendant also used his hands and penis to touch her vagina, and had touched her buttocks with his hand.

Defendant was charged with first-degree sodomy and first-degree sexual abuse as a result of the victim's disclosures. He moved *in limine* to exclude her out-of-court statements about the abuse and to exclude her from testifying. He contended "that the State cannot carry its burden under OEC 402 to show that the witness's memory is reliable evidence, and therefore relevant." Defendant argued that the techniques used by the various adults who asked the victim about defendant's conduct so undermined the reliability of the victim's statements that her statements and testimony about defendant's conduct had to be excluded.

Relying on *Bumgarner*, the trial court denied the motion, concluding that, under it, the "standards used for the analysis of eyewitness identification statements and testimony are not to be applied to victim statements and testimony, as Oregon's competency rules and the ability to cross-examine witnesses suffice." Following the court's ruling, defendant entered a conditional plea agreement under which he pleaded no contest to one count of attempted first-degree sodomy, reserving the right to appeal the court's ruling on the motion *in limine*.

On appeal, defendant contends that the trial court erred in denying the motion under *Bumgarner*. He asserts that that case involved a pretrial challenge to a victim's competency to testify, not to the reliability of the testimony as is the case here. Alternatively, defendant argues that, to the extent *Bumgarner* otherwise controls, its analysis has been displaced by the Supreme Court's decision in *Lawson/James*.

The state responds that the trial court correctly denied defendant's request for a pretrial determination of the reliability of the victim's statements and testimony, noting that, in *State v. Kelly*, 244 Or App 105, 260 P3d 551 (2011), we relied on *Bumgarner* to uphold a trial court's denial of the defendant's pretrial motion to exclude the testimony of the child victim as unreliable. *See Kelly*, 244 Or App at 109-10. The state argues further that the Supreme Court's decision in *Lawson/James* does not displace *Bumgarner* and *Kelly*, because that case dealt solely with eyewitness identification evidence and did not address the propriety of determining pretrial the reliability of the statements and testimony of a child victim of sexual offenses.

Whether evidence is of the type that may be excluded on the grounds of reliability based on a pretrial determination by the court presents a question of law, so we review for legal error. *See, e.g.*, *Kelly*, 244 Or App at 109-10 (so reviewing similar claim of error).

We agree with the state that *Bumgarner* and *Kelly* control. Under those cases, the trial court was correct to conclude that the determination of the reliability of the child

victim's testimony and statements—and, in particular, how various questioning or interviewing techniques call the reliability of that evidence into question—is a matter for the trier of fact at trial, not a matter to be determined by the court in a pretrial hearing. *Kelly*, 244 Or App at 109-10 (issue of reliability of child victim's testimony "is essentially a question of credibility for the trier of fact to weigh in its deliberations rather than a question of admissibility for the court to determine in the first instance"); *Bumgarner*, 219 Or App at 632-34 (rejecting contention that effect of interviewing techniques on a child victim's testimony is a matter to be determined pretrial and holding that "evidence of improper interviewing techniques is not admissible in a pretrial competency hearing" but is, instead, evidence to be presented to the trier of fact at trial if otherwise admissible). Pertinent to defendant's arguments here, in reaching our conclusions in *Kelly*, we expressly rejected the contention that the pretrial process for assessing the reliability of eyewitness identification testimony established in *State v. Classen*, 285 Or 221, 590 P2d 1198 (1979), should be extended to allow a pretrial determination of the reliability of the statements and testimony of a child victim of sexual offenses in view of particular interviewing techniques; we concluded that such evidence was not among the categories of evidence susceptible to exclusion based on unreliability. *Kelly*, 244 Or App at 109-10.

The Supreme Court's decision in *Lawson/James* does not displace *Bumgarner* and *Kelly*. In *Lawson/James*, the court "revisit[ed] and augment[ed] the process outlined in *Classen*" for determining pretrial whether eyewitness identification evidence was sufficiently reliable to be admitted at trial. 352 Or at 739. At no point did the court suggest that it intended for the process set forth in that case to apply to categories of evidence apart from eyewitness identification evidence. Rather, its holding, by its terms, applies to "pretrial motion[s] to exclude *eyewitness identification evidence.*" *Id.* at 761 (emphasis added). For that reason, *Lawson/ James*, and its augmentation of the pretrial processes for determining the reliability of eyewitness identification evidence, affords no basis to revisit our holdings in *Kelly* and *Bumgarner* regarding the propriety of determining pretrial

whether interviewing techniques have rendered unreliable the statements and testimony of a child victim of sexual offenses. Under those decisions, the trial court was correct to deny defendant's pretrial motion.

Affirmed.